LONG (FIFTH NAT. BANK v.). See Case No. 4,780.

LONG (HENDERSON v.). See Case No. 6,-354.

———

## Case No. 8,481.

### LONG v. ONEALE.

[1 Cranch, C. C. 233.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.[2]

BOND—ALTERATION—INTERLINEATION—NEW OBLIGOR.

An interlineation of an appeal-bond, by inserting the name of a new obligor. and his executing the bond as a surety. without the consent of the other sureties, makes the bond void.

Debt on an appeal-bond—plea, non est factum.

On the trial, Mr. Key, for defendant [William Oneale], prayed the court to instruct the jury, "That if they should be satisfied, by the evidence, that the bond was signed, sealed and delivered by Mary Sweeny. and by J. T. Frost and the defendant, as her sureties, and was afterwards presented to Cornelius Coningham, (the justice who had rendered the judgment,) for his approbation and acceptance of the sureties, and was by him refused and rejected; and after which objection was interlined, without the license, privity, and knowledge of the defendant, by inserting the name of Lund Washington, as a co-obligor, who, on the following day, without the privity, knowledge, and consent of the defendant, signed,

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 4 Cranch (8 U. S.) 60.]

sealed, and delivered the bond, which was afterwards approved by the justice, then such interlineation and execution of the said bond, by the said Lund Washington, rendered it void as to the defendant, and the plaintiff cannot recover in this suit."

Mr. Key,. who argued the cause for the defendant, cited the following authorities, viz.: Pigot's Case, 11 Coke, 27; Shep. Touch. 63, 67, 69; Markham v. Gonaston, Cro. Eliz. 626; Esp. 223, 224; Zouch v. Claye, 2 Lev. 35; Maryland v. Gantt, in the general court of Maryland (not reported).

Mr. Mason, for plaintiff, cited St. Md. 1791, c. 68, § 5, and Esp. 224.

CRANCH, Circuit Judge, was of opinion that the instruction prayed by Mr. Key ought to be given; but KILTY, Chief Judge, being of a different opinion, and FITZHUGH, Circuit Judge, being absent, the instruction was not given.

The defendant took a bill of exceptions, and upon a writ of error, the judgment was reversed by the supreme court of the United States. See 4 Cranch [8 U. S.] 60.

[NOTE. Mr. Chief Justice Marshall delivered the opinion of the supreme court, in which he said that "the judges did not all agree upon the same grounds. some being of opinion that the bonds were void by reason of the interlineation, and others that they were vacated by the rejection of them by the magistrate, and could not be set up again without a new delivery." The last point was not considered in the opinion rendered in the circuit court above.]